United States District Court
Central District of California

## AMENDED JUDGMENT (Original sentence date 7/24/1995)

UNITED STATES OF AMERICA vs.                Docket No.   CR 94-0623-TJH   JS-3

**Defendant**   JOSE ISMAEL OCHOA                Social Security No.  N  O  N  E
akas:  Alberto Mandujano                         (Last 4 digits)

### JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| AUG. | 29 | 2016 |

**COUNSEL**    [X] WITH COUNSEL    Callie Glanton Steele, DFPD
                                   (Name of Counsel)

**PLEA**    [ ] GUILTY, and the court being satisfied that there is a factual basis for the plea.    [ ] NOLO CONTENDERE    [X] NOT GUILTY

**FINDING**    There being a finding/verdict of [X] GUILTY, defendant has been convicted as charged of the offense(s) of:

*Felon in Possession of Firearm in violation of Title 18 United States Code, § 922(g)(1), as charged in Count 1 of the First Superseding Indictment.*

*Possession of an Unregistered Firearm in violation of Title 26 United States Code, § 5861(d), as charged in Count 2 of the First Superseding Indictment.*

*Felon in Possession of Firearm in violation of Title 18 United States Code, § 922(g)(1), as charged in Count 3 of the First Superseding Indictment.*

**JUDGMENT AND PROB/ COMM ORDER**    The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of: **NINETY-SIX (96) MONTHS.**

The Court ORDERS the defendant to pay to the United States a special assessment of $150.00, to the Clerk of the Court, which is due immediately.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, JOSE ISMAEL OCHOA, is, hereby, committed on Counts 1, 2, AND 3 of the First Superseding Indictment to the custody of the Bureau of Prisons to be imprisoned for a term of **Ninety-six months.**

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of THREE (3) years, on each of counts 1,2 ,and 3, concurrently under the following terms and conditions: SAME CONDITIONS WILL REMAIN IN PLACE AS ORIGINALLY IMPOSED ON JULY 24, 1995 AND ENTERED ON AUGUST 7, 1995. (SEE ATTACHED)

Defendant is ordered only to be released to Homeland Security/Bureau of Immigration and Customs Enforcement.

The Court informs the defendant of his right to appeal.

Justification is as stated today on the record.

The Court authorizes the Probation Office to disclose the Pre-sentence Report to the substance abuse treatment provider to facilitate the defendant's treatment for narcotic addiction or drug dependency. Further disclosure of the Pre-sentence Report by the treatment provider is prohibited without the consent of the sentencing judge.

Reproduced from the holdings of the National Archives at Riverside

**United States District Court**

ENTERED
AUG - 7 1995
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

UNITED STATES OF AMERICA vs.     Docket No. CR - 94-623-ABC

Defendant's Name: Jose Ismael Ochoa aka Alberto Mandujano    CYA Y025624   CDC: C050868; C084281; D047447    CII: A06555279    INS: A2307453

& Residence: 641 E. 92nd St.

Address: Los Angeles, Ca. 90002

Mailing Address: Metropolitan Detention Ctr.
535 N. Alameda St.
L.A., Ca. 90012

## JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government the defendant appeared in person on this date.

MONTH DAY YEAR: July 24, 1995

**COUNSEL** [ ] WITHOUT COUNSEL — However, the Court advised defendant of right to counsel and asked whether defendant desired to have counsel appointed by the Court and the defendant thereupon waived assistance of counsel.

[X] WITH COUNSEL   Robert K. Steinberg - appointed - 2029 Century Park East, 6th Floor
(Name of Counsel)   Los Angeles, Ca. 90067

**PLEA** [ ] GUILTY, and the Court being satisfied that there is a factual basis for the plea.   [ ] NOLO CONTENDERE   [X] NOT GUILTY

**FINDING** There being a [ ] jury/verdict of [X] GUILTY, defendant has been convicted as charged of the offense(s) of: felon in possession of firearm, in violation of 18 USC 922(g)(1), as charged in count one; possession of an unregistered firearm, in violation of 26 USC 5861(d), as charged in count two; and felon in possession of firearm, in violation of 18 USC 922(g)(1), as charged in count three, of the First Superseding Indictment.

**JUDGMENT AND PROB./COMMITMENT ORDER** The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of: two-hundred and ninety-four (294) months. The term consists of 294 months on each of counts 1 and 3 and 120 months on count 2, all to be served concurrently. Upon release from imprisonment, the defendant shall be placed on supervised release a term of three(3) years, on each of counts 1,2 & 3, concurrently, under the following terms and conditions: 1) the defendant shall comply with the rules and regulations of the US Probation Office and General Order 318; 2) the defendant shall participate in outpatient substance abuse treatment and submit to drug and alcohol testing, as instructed by the Probation Officer. The defendant shall abstain from using illicit drugs and alcohol, and abusing prescription medications during the period of supervision; 3) if the amount of any special assessment imposed by this judgment remains unpaid at the commencement of the term of community supervision, the defendant shall pay such remainder as directed by the Probation Officer; 4) the defendant shall comply with the rules and regulations of the Immigration and Naturalization Service, and if deported from this country either voluntarily or involuntarily, not reenter the United States illegally. Within 72 hours of release from any custody or any reentry to the United States during the period of Court-ordered supervision, the defendant shall report to the US Probation Office, at the US Courthouse, 312 N. Spring St., Rm. 600, Los Angeles, Ca., for instructions. Pursuant to Section 5E1.2(f) of the guidelines, all fines are waived. IT IS ORDERED the defendant shall pay a special assessment of $150.00

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Supervised Release set out on the reverse side of this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

[ ] This is a direct commitment to the Bureau of Prisons, and the Court has NO OBJECTION should the Bureau of Prisons designate defendant to a Community Corrections Center.

Signed By: [X] U.S. District Judge   Audrey B. Collins
AUDREY B. COLLINS

[ ] U.S. Magistrate

It is ordered that the Clerk deliver a certified copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

LEONARD A. BROSNAN, CLERK

Dated/Filed July 26, 1995   By Daphne Alex
Deputy Clerk

AO-245-A (01/90)

USA vs.  **JOSE ISMAEL OCHOA**                          Docket No.:  **CR 9400623TJH**

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

**September 2, 2016**
Date

*Terry J. Hatter, Jr.* (signature)
Terry J. Hatter, Jr., U. S. District Judge

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Terry Nafisi, Clerk of U.S. District Court

**September 2, 2016**             By    **Yolanda Skipper /s/**
Filed Date                               Deputy Clerk

---

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

**The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).**



Case 2:94-cr-00623-ABC   Document 158   Filed 09/02/16   Page 4 of 5   Page ID #:290

USA vs.   JOSE ISMAEL OCHOA                                    Docket No.:   CR 9400623TJH

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
    Private victims (individual and corporate),
    Providers of compensation to private victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____  By  _____
Date                    Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

_____  By  _____
Filed Date              Deputy Clerk

---

### FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____  _____
         Defendant          Date

_____  _____
U. S. Probation Officer/Designated Witness   Date